UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAUREL EL-KHATIB, | ) | CASE NO. 1:23-cv-00421 |
| Plaintiff, | ) ) ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) ) | |
| UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC. *et al.*, | ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |

Before this Court is the partial motion to dismiss filed by Defendants University Hospitals Health System, Inc., Jerome Condron, Jillian Welch, and Reed Group Management, LLC.  (Doc. No. 7.)  For the reasons that follow, this motion is GRANTED.

Plaintiff initiated this action on March 2, 2023.  (Doc. No. 1.)  Her complaint alleges two causes of action: an FMLA Interference/Denial of Rights claim against all Defendants (Count One) and an FMLA retaliation claim against University Hospitals Health System, Inc., Jerome Condron, and Jillian Welch (Count Two).  (*Id.*)  Defendants seek an order dismissing (a) Count Two and (b) all claims against Defendants Condron and Welch.  (Doc. No. 7 at PageID 36.)

The motion to dismiss was filed on May 19, 2023.  (*Id.*)  On June 1, 2023, Plaintiff filed a motion for an extension until June 9, 2023, to respond.  (Doc. No. 9.)  The next day, the Court denied the motion as moot because, under Local Rule 7.1(d), Plaintiff's deadline to respond was June 19, 2023.  (June 2, 2023, Non-Document Order.)  On June 30, 2023, Defendants replied in

support of their motion, noting that Plaintiff had not opposed their motion and that the deadline had passed.  (Doc. No. 10.)

Plaintiff has not opposed Defendants' motion to dismiss.  This Court may and does interpret the absence of an opposition as a waiver or forfeiture of the claims at issue in Defendants' motion.  *Miles v. Transunion, LLC*, No. 1:22-cv-281, 2022 WL 2342656, at *1 (N.D. Ohio June 29, 2022); *Harper v. Univ. of Toledo*, No. 3:22-cv-1308, 2022 WL 4599231, at *4 (N.D. Ohio Sept. 30, 2022); *see also Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 Fed. App'x. 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *Demsey v. R.J. Reynolds Tobacco Co.*, No. 1:04-cv-1942, 2005 WL 1917934, at *2 (N.D. Ohio Aug. 10, 2005) ("The court's authority to grant a motion to dismiss because it is unopposed is well established."); *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x. 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived." (citations omitted)).

Accordingly, Count II is dismissed, and Defendants Jerome Condron and Jillian Welch are dismissed from this case entirely.  The only claim pending before this Court is Count One against University Hospitals Health System, Inc. and Reed Group Management, LLC.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: July 12, 2023