## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LAUREL EL-KHATIB | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 1:23-cv-00421-BMB |
| | : | |
| | : | JUDGE BRIDGET MEEHAN |
| | : | BRENNAN |
| v. | : | |
| | : | |
| UNIVERSITY HOSPITALS HEALTH | : | JURY DEMAND ENDORSED |
| SYSTEM, INC. | : | HEREON |
| Defendant. | : | |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT

Now comes Defendant, University Hospitals Health System, Inc. ("UHHS" or "Defendant"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff Laurel El-Khatib's ("Plaintiff") Amended Complaint (the "Amended Complaint"), makes the following admissions, denials, statements, and defenses:

## PARTIES

1. Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 of the Amended Complaint and therefore denies same for want of knowledge.

2. In response to Paragraph 2 of the Amended Complaint, Defendant states that UHHS is a supporting organization for a multi-entity health care delivery system which includes a major medical complex in Cleveland, Ohio. Defendant denies the remaining allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendant admits that Reed Group Management, LLC ("Reed Group") is UHHS' third-party Family Medical Leave Act ("FMLA") administrator, but denies the remaining allegations contained in Paragraph 3 of the Amended Complaint.

1

4. Defendant admits the allegations contained in Paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Amended Complaint contains a legal conclusion to which no response is required.

6. Paragraph 6 of the Amended Complaint contains a legal conclusion to which no response is required.

## FACTS COMMON TO ALL CLAIMS

7. Defendant admits that Plaintiff was employed as a service desk employee but denies the remaining allegations contained in Paragraph 7 because Plaintiff's employment records speak for themselves.

8. Defendant admits the allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendant admits that it accommodated Plaintiff, but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. The document referenced in Paragraph 10 speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. Plaintiff's FMLA documentation speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. Defendant admits that Plaintiff's FMLA leave request was granted, but denies the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15. Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 15 of the Amended Complaint and therefore denies same for want of knowledge.

16. Defendant admits that Plaintiff requested and was approved for a leave of absence, but denies the remaining allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendant admits that Plaintiff utilized all of her FMLA leave, but denies the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendant admits that Plaintiff sought and was approved for FMLA leave, but denies the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendant admits that Condron raised performance issues with Plaintiff, but denies the remaining allegations contained in Paragraph 19 of the Amended Complaint.

20. The documents referenced in Paragraph 20 of the Amended Complaint speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint.

21. Defendant admits that Plaintiff could not explain the misconduct shown in the documents, but denies the remaining allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendant admits that Plaintiff received documentation and counseling related to her performance issues, but denies the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint. Plaintiff's claim for retaliatory conduct has been dismissed. *See* August 3, 2023 Order dismissing Count Two of Plaintiff's Amended Complaint *with prejudice*.

26. Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint.

27. Plaintiff's FMLA documentation speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

28. Plaintiff's FMLA documentation speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint.

29. Defendant admits that Plaintiff submitted a complaint, but denies the remaining allegations contained in Paragraph 29 of the Amended Complaint..

30. Defendant admits that Plaintiff received documentation and counseling pertaining to her attendance, but denies the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31. The documents referenced in Paragraph 31 of the Amended Complaint speak for themselves and therefore, Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint. Plaintiff's claim for retaliatory conduct has been dismissed. *See* August 3, 2023 Order dismissing Count Two of Plaintiff's Amended Complaint *with prejudice*.

33. Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint. Plaintiff's claim for retaliatory conduct has been dismissed. *See* August 3, 2023 Order dismissing Count Two of Plaintiff's Amended Complaint *with prejudice*.

34. Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint.

**COUNT I**
**INTERFERENCE/DENIAL OF RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT PURSUANT TO 29 U.S.C. § 2615(a)(1) – ALL DEFENDANTS**

38. Defendant incorporates its responses to paragraphs 1 through 37 of the Amended Complaint as if fully rewritten herein.

39. Plaintiff's FMLA documentation speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

5

41. Paragraph 41 of the Amended Complaint contains a legal conclusion to which no response is required.

42. Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

**COUNT II**
**RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT PURSUANT TO 29 U.S.C. § 2615(a)(2) – DEFENDANT UHHS**

44. Count II of the Amended Complaint is voluntarily dismissed. *See* August 3, 2023 Order dismissing Count Two of Plaintiff's Amended Complaint *with prejudice*. No response is required to Paragraph 44.

45. Count II of the Amended Complaint is voluntarily dismissed. *See* August 3, 2023 Order dismissing Count Two of Plaintiff's Amended Complaint *with prejudice*. No response is required to Paragraph 45.

46. Count II of the Amended Complaint is voluntarily dismissed. *See* August 3, 2023 Order dismissing Count Two of Plaintiff's Amended Complaint *with prejudice*. No response is required to Paragraph 46.

47. Defendant denies the allegations contained in the WHEREFORE paragraph immediately following Paragraph 46 of the Amended Complaint.

48. Defendant denies each and every allegation of the Amended Complaint not specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in response to Plaintiff's Amended Complaint.  By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. The Amended Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff has failed to join all necessary and indispensable parties to this litigation.

3. Plaintiff does not allege a materially adverse action.

4. Any relief to which Plaintiff might otherwise be entitled is barred by the applicable statute of limitations and/or statute of repose.

5. Defendant's actions are job-related and consistent with Defendant's business necessity.

6. Plaintiff has failed to exhaust her administrative remedies.

7. Plaintiff has failed to properly investigate the claims and allegations set forth in the Amended Complaint.

8. Plaintiff has failed to mitigate or minimize her damages, the existence of which Defendant denies.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, acquiescence, accord, satisfaction, and/or unclean hands.

10. Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and had legitimate reasons for all actions towards Plaintiff.

11. Plaintiff has not suffered an adverse action.

12. Some or all of the damages that Plaintiff seeks are not recoverable by law.

13. Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Defendant (1) are not characterized by hatred, ill will, or a spirit of revenge; (2) do not evidence malicious intent, or reckless or conscious disregard for the Plaintiff's protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

14. Any claim for punitive or liquidated damages is barred because any allegedly unlawful behavior is contrary to Defendant's good faith efforts to comply with all applicable state and federal laws.

15. All employment decisions with respect to Plaintiff were based upon legitimate reasons that were consistent with Defendant's policies.

16. Plaintiff's claims fail because Defendant did not make any decisions with respect to her FMLA leave, including the decision to deny Plaintiff's FMLA leave.

17. Plaintiff's' claims fail because Plaintiff was not entitled to take any FMLA leave for which she contests in the Amended Complaint.

18. Defendant has complied with the FMLA.

19. Plaintiff's claims fail because Defendant did not interfere with Plaintiff's FMLA leave.

20. Plaintiff cannot prove that Defendant's legitimate reason for its actions is a pretext for unlawful interference with rights under the Family and Medical Leave Act.

21. Plaintiff has not sustained any damages proximately caused or actually caused by Defendant.

22. Plaintiff's claims lack legal and factual support to be asserted and are brought in bad faith.

23. Plaintiff's claims fail because Defendant acted in good faith at all times.

24. Plaintiff's claims fail because the complained-of allegedly adverse actions would have occurred regardless of Plaintiff's use of FMLA leave.

25. Plaintiff's claims fail because Defendant would have taken the same action regardless of her alleged disability or use of FMLA leave.

26. Plaintiff was treated the same as all other employees.

27. Plaintiff's claims fail because Defendant acted in good faith at all times.

28. The Amended Complaint fails to name the proper employer.

29. Plaintiff is estopped by her own acts or omissions from bringing some or all of the claims in the Amended Complaint.

30. In the event that Defendant discovers any after-acquired evidence, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant may be barred by the doctrine of after-acquired evidence.

31. Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendant of any interference with rights under the Family and Medical Leave Act, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

32. Compensatory damages are not available to Plaintiff because Defendant's actions were legitimate and according to Defendant's lawful policies.

33. Defendant is entitled to an apportionment of liability to other parties and non-parties to this action pursuant to R.C. 2307.23.

34. Plaintiff's requests for leave did not qualify for leave pursuant to the FMLA.

35. Plaintiff failed to comply with the requirements of the FMLA.

36. Plaintiff's Amended Complaint is frivolous and lacks merit.

37. Because Plaintiff's Amended Complaint is frivolous and lacks merit, Plaintiff is not entitled to an award of costs for this action or attorney's fees.

38. Plaintiff's claims fail because she did not suffer an adverse action.

39. Plaintiff's claim for retaliation has been dismissed *with prejudice* and, therefore, to the extent that any allegations or claims asserted in this Complaint rely upon Plaintiff's now dismissed retaliation claim, those claims fail as a matter of law.

40. Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendant requests that Plaintiff's Amended Complaint be dismissed, with prejudice, for the costs expended herein, including reasonable attorney's fees, for trial by jury, and for all other relief to which Defendant may be entitled.

        Respectfully submitted,

        */s/ David A. Campbell*
        David A. Campbell (0066494)
        Donald G. Slezak (0092422)
        Arthur O Kostendt (0100577)
        1375 E. 9th Street, Suite 2250
        Cleveland, OH 44114
        Phone: 216-344-9422
        Fax: 216-344-9421
        David.a.campbell@lewisbrisbois.com
        Donald.slezak@lewisbrisbois.com
        Arthur.kostendt@lewisbrisbois.com

        *Attorneys for Defendant*

## JURY DEMAND

Pursuant to Rule 38 of the Ohio Rules of Civil Procedure, Defendant hereby respectfully demands a trial by jury on all issues so triable and that the jury be composed of the maximum number of jurors permitted by law.

        */s/ David A. Campbell*
        David A. Campbell (0066494)

        *One of the attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served via the Clerk of Court and was served on the below via electronic mail and/or regular U.S. mail to the below, pursuant to Fed.R.Civ.P. 5(b), this 4th day of August 2023 upon:

Michael W. DeWitt (0066896)
4200 Regent Street
Suite 200
Columbus, OH 43219
614-398-2886
614-750-1379
mdewitt@dewittlawco.com

Attorney for Plaintiffs

                                                */s/ David A. Campbell*
                                                David A. Campbell (0066494)

                                                *One of the attorneys for Defendant*